IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD D. LIVELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12CV459-WKW |
| | ) | |
| ALABAMA STATE BAR, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The undersigned Magistrate Judge previously entered an order in this case relieving the defendant Alabama State Bar of its obligation to brief plaintiff's pending motion for preliminary injunction, and ordering the plaintiff to show cause why the complaint should not be dismissed, because it was clear from the allegations of plaintiff's complaint that this court was without jurisdiction to entertain it. (Doc. # 5). On June 18, 2012, apparently recognizing this court's lack of jurisdiction over his claim, plaintiff filed a substantially revised complaint, lodging a challenge to the constitutionality of Rule 12(e) of the Alabama Rules of Disciplinary Procedure instead of his previous challenge to the allegedly unconstitutional application of Rule 12(e) as to plaintiff's particular disciplinary action. (Doc. # 18).[1] This matter is presently before the court on plaintiff's motion for default judgment (Doc. # 10), filed on July 13, 2012. Plaintiff notes that the Alabama State Bar has

---

[1] Four days thereafter, on June 22, 2012, plaintiff filed a "Proof of Service" that was signed by the process server on May 31, 2012, but which does not indicate the date on which the complaint was served. (Doc. # 8).

failed to respond to his initial complaint or to his amended complaint within the time allowed for such response. The undersigned concludes that the motion for default judgment is due to be denied for the following reasons:

    (1) the proof of service filed by the plaintiff does not state the exact date on which defendant was served with the complaint; and

    (2) the plaintiff has not petitioned the Clerk to enter default in this matter pursuant to Fed. R. Civ. P. 55(a) and, thus, his motion for default judgment is premature.  See Fed. R. Civ. P. 55(a); Frazier v. Absolute Collection Service, Inc., 767 F.Supp.2d 1354, 1360 n. 1 (N.D. Ga. 2011)(discussing two-step procedure for obtaining default judgment and noting that a motion for default judgment filed before entry of default is premature).

Additionally, as noted above, the court notified the defendant that it was examining its own jurisdiction to entertain plaintiff's claim and, further, that defendant was relieved of its obligation to respond to plaintiff's motion for preliminary injunctive relief included within the original complaint.  (Doc. # 5).  By order entered on August 3, 2012, the court directed the Clerk to serve the amended complaint and summons on defendant by certified mail – in view of the defective proof of service and for good cause –  and allowed the defendant until twenty-one days after such service to respond to the amended complaint. Accordingly, it is the

    RECOMMENDATION of the Magistrate Judge that plaintiff's motion for default judgment (Doc. # 10) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action, including the Alabama State Bar. The parties are DIRECTED to file any objections to this Recommendation on or before August 20, 2012. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  See  United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 6th day of August, 2012.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
CHIEF UNITED STATES MAGISTRATE JUDGE