IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD D. LIVELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12CV459-WKW |
| | ) | |
| ALABAMA STATE BAR, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**Background**

In the original complaint filed in this matter, plaintiff – an attorney licensed to practice in Alabama – claimed that the Alabama State Bar had, in disciplinary proceedings against him, violated the requirement of Rule 12(e) of the Alabama Rules of Disciplinary Procedure that he be "reasonably inform[ed]" of the charged misconduct by making "a new allegation of misconduct against Lively that was not included in the petition filed with the Disciplinary Board[.]" (Complaint, Doc. # 1, ¶¶ 6-9). He contended that the State Bar's action "not only violated the Alabama Rules of Disciplinary Procedure, but also ... the equal protection clauses of the United States and State of Alabama Constitutions and the well-settled case law of the State of Alabama." (Id., ¶ 10). Plaintiff further alleged that he had appealed the decision of the disciplinary board to the Alabama Supreme Court which, on February 17, 2012, affirmed the board's decision and, on May 18, 2012, denied plaintiff's application for rehearing. (Id., ¶¶ 16, 17). Plaintiff sought a declaration from that court "on the question of

whether he was accorded due process in the disciplinary proceeding brought by the Bar" and, also, "on the question of whether he was provided reasonable notice of the charges being brought by the bar." (Id., ¶¶ 51-52). He further sought "[a]n order setting aside the Report and Order issued by the Alabama State Bar Disciplinary Board due to the violation of the Plaintiff's Constitutional right to due process" and other "appropriate" relief. (Id., p. 12).

Because it appeared that this court lacked jurisdiction to entertain plaintiff's claims, the court entered an order directing plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. (Doc. # 5)(citing Exxon Mobil Corp v. Saudi Basic Industries Corp, 544 U.S. 280, 292 (2005) and Caffey v. Alabama Supreme Court, 2012 WL 918799, *1 (11th Cir. Mar. 20, 2012)(unpublished opinion)(affirming district court's dismissal, on Rooker-Feldman grounds, of disbarred attorney's claims for declaratory and equitable relief; stating, "Caffey is a state-court loser complaining of injuries caused by state court judgments concerning her contempt and subsequent disbarment, all rendered before the federal district court proceedings commenced.")). Thereafter, plaintiff amended his complaint. (Doc. # 7). In an attempt to overcome the Rooker-Feldman bar, plaintiff has now added a claim that Rule 12(e) is unconstitutionally vague; he alleges that the term "reasonably inform" is "overly broad, ambiguous and, as administered by the Alabama State Bar, fails to create a reliable standard of notice which would protect the due process rights of attorneys accused of violating the Alabama Rules of Professional Conduct." (Id., ¶¶ 6-9). Instead of alleging, as

he did previously, that the Alabama State Bar violated the "reasonably inform" requirement of Rule 12(e), plaintiff now contends that "[t]he Bar had actual notice of the 'undisclosed' allegation against the Plaintiff and, by virtue of the ambiguous language of Rule 12(e) ... was able to intentionally withhold notice of the allegation effectively denying the Plaintiff of his right to prepare a defense[.]" He also alleges that, [d]ue to the ambiguity in the language of Rule 12(e), and its application in disciplinary cases brought by the Bar, the Plaintiff's right to procedural due process was violated[.]" (Id., ¶¶ 11, 12).  In his amendment, plaintiff omits any reference to the action taken by the Alabama Supreme Court on his appeal from the decision of the disciplinary board and alleges only that, after the disciplinary board ordered that his license to practice law be suspended, he "exhausted his administrative remedies, including an application for review with the Alabama Supreme Court."  (Id., ¶¶ 14-15).

This matter is presently before the court on defendant's motion to dismiss.  Defendant contends that the present action is due to be dismissed: (1) for lack of jurisdiction; or (2) as barred by *res judicata*, claim preclusion, and the full faith and credit clause.  (Doc. # 17).  Plaintiff has filed a response to the motion. (Doc. # 21.) As to defendant's Rooker-Feldman challenge to this court's jurisdiction, plaintiff responds *only* that this court resolved the jurisdictional issue in his favor in its order directing that the amended complaint be served on the defendant; he does not offer any substantive argument explaining how his claims fall outside the Rooker-Feldman bar. (Doc. # 21, pp. 1-2).[1] Plaintiff contends that the defendant's

---

[1]  Plaintiff argues:

preclusion arguments fail because: (1) "[t]he Disciplinary Board of the Alabama State Bar is not a court of competent jurisdiction to hearing constitutional challenges[;]" and (2) the Alabama Supreme Court sits in an appellate capacity when addressing appeals from disciplinary proceedings and "[b]ecause the constitutionality of Rule 12(e), Ala. R. Disc. P., could not be challenged before the Disciplinary Board, the issue could not be reviewed by the Alabama Supreme Court." (Id., pp. 2-3). Upon consideration of the motion to dismiss and plaintiff's response, the court concludes that the motion is due to be granted.

## Discussion

### Jurisdiction

---

> In its order of August 3, 2012 (Doc. # 11), this Court addressed the Plaintiff's Amended Complaint in light of the jurisdictional question raised by the Court, *sua sponte*, citing the *Rooker-Feldman* doctrine. In its Order, the Court directed that the Defendant be served with the Amended Complaint and for the Defendant to respond thereto.
>
> Having already raised the issue of jurisdiction in this matter, it is unlikely that the Court would have directed the Defendant to respond to the Plaintiff's Amended Complaint if the Court had any reservations about the Court's jurisdiction. The issue, therefore, having already been decided, the Defendant's motion is due to be denied.

(Doc. # 21, pp. 1-2). Plaintiff reads too much into the court's order directing that the Clerk serve the amended complaint and that defendant respond to it. (Doc. # 11). In the order, the court explained its reason for requiring plaintiff to show cause and staying briefing on plaintiff's motion for preliminary injunction – *i.e.*, the fact that it was clear that the court lacked jurisdiction over the claims presented in plaintiff's original complaint – and described the new allegations of the amended complaint. The order reflects the court's determination that, in view of the new allegations and claims, it would not *sua sponte* recommend dismissal for lack of jurisdiction. However, the court ordered only that the amended complaint be served and that the defendant respond to it. Plaintiff's contention that the issue of the court's jurisdiction over the claims presented in the amended complaint has "already been decided" is without merit.

4

"Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari," where a party claims violation of a right arising under federal law.  28 U.S.C. § 1257.  This statute, "as long interpreted, vests authority to review a state court's judgment solely in [the United States Supreme Court]."  Exxon Mobil Corp v. Saudi Basic Industries Corp, 544 U.S. 280, 292 (2005)(citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); other citations omitted).  "'[L]ower federal courts possess no power whatever to sit in direct review of state court decisions.'"  Feldman, 460 U.S. at 482 n. 16 (quoting Atlantic Coast Line R. Co. v. Engineers, 398 U.S. 281, 296 (1970).[2]

Defendant contends that plaintiff's new allegations do not cure the Rooker-Feldman jurisdictional defect identified by the court in its show cause order, as his claim remains "inextricably intertwined" with the Alabama Supreme Court's judgment.  As noted above, plaintiff does not respond to this argument on the merits in opposing the motion to dismiss.

---

[2] The Feldman case involved an allegedly unconstitutional bar admission rule.  The Supreme Court found it "important to note in the context of [that] case the strength of the state interest in regulating the state bar."  460 U.S. at 482 n. 16.  The Court quoted, with approval, the following language from MacKay v. Nesbett, 412 F.2d 846 (9th Cir. 1969):

"[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court.  The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between the state and federal judicial systems."

Feldman, 460 U.S. at 482 n. 16 (quoting MacKay, 412 F.2d at 846).

However, in plaintiff's response to the show cause order, plaintiff argued that he "does not challenge or seek review of any state court judgment" but, instead, seeks an order "setting aside the Report and Order issued by the Alabama State Bar Disciplinary Board due to violation of the Plaintiff's Constitutional right to due process."  (Doc. # 6, p. 7).  Plaintiff contends, in other words, that <u>Rooker-Feldman</u> is not implicated because plaintiff challenges the underlying decision affirmed by the Alabama Supreme Court rather than the decision of the Alabama Supreme Court itself.  However, the United States Supreme Court observed in <u>Feldman</u> – in the context of claims arising from the denial of applications for admission to a state bar – that "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court *is in essence being called upon to review the state court decision*. This the District Court may not do." 460 U.S. at 482 n. 16 (emphasis added).

To the extent that the plaintiff asks this court to "set aside" the decision of the disciplinary board in his particular disciplinary proceeding – again, the very decision reviewed and affirmed by the Alabama Supreme Court[3] – as rendered in violation of

---

[3]  As noted above, plaintiff did not allege in his amended complaint that the Alabama Supreme Court had affirmed the disciplinary board's decision.  However, in the prior verified complaint with which he commenced this action, plaintiff averred that, "[o]n or about February 17, 2012, the Alabama Supreme Court affirmed the decision of the Disciplinary Board, without issuing an opinion. Lively timely filed an Application for Rehearing and Brief pursuant to the Alabama Rules of Appellate Procedure. Said Application for Rehearing was overruled by the Alabama Supreme Court on May 18, 2012." (Doc. # 1, ¶ 17). The court may consider this averment in assessing its jurisdiction. Additionally, in his response to the show cause order, plaintiff stated that

plaintiff's constitutional rights, this court "is in essence being called upon to review the state court decision."   In his amended complaint, plaintiff continues to seek a determination from this court that, in plaintiff's disciplinary proceeding, the Alabama State Bar violated plaintiff's right to procedural due process.  (See Doc. # 7, "Third Claim for Relief," ¶¶ 66- 69; see also id. at ¶¶ 24-30). He "demands relief from the Defendant in the form of a judgment setting aside the Report and Order entered against the Plaintiff by the Alabama State Bar Disciplinary Board."  (Id., *ad damnum* clause following ¶ 69).  This court lacks jurisdiction, pursuant to the Rooker-Feldman doctrine, to grant plaintiff such relief.  See Doe v. Florida Bar, 630 F.3d 1336, 1341 (11th Cir. 2011)(holding that an attorney's "as applied challenges to the Florida Bar's rules regarding confidential peer review [in proceedings for attorney certification as specialists in particular fields of law] are clearly barred by Rooker- Feldman.").

Whether plaintiff's "general" challenge to the constitutionality of Rule 12(e) of the Alabama Rules of Disciplinary Procedure falls within the Rooker-Feldman bar is a more difficult question.  Defendant contends that it does, arguing that this "general constitutional claim is inextricably intertwined with the underlying state court judgment." (Doc. # 18, p. 2). In Feldman, the Supreme Court found no jurisdictional impediment to the lower federal court's consideration of the plaintiffs' "general attack on the constitutionality of [the bar admission rule at issue]." 460 U.S. at 487. The challenged rule, in general, precluded

---

"[t]he Alabama Supreme Court affirmed the Disciplinary Board's decision, without opinion." (Doc. # 6, p. 1).

graduates of law schools not accredited by the ABA from sitting for the District of Columbia bar examination.  Id. at 464.  The Court observed that the plaintiff's "claims that the rule is unconstitutional because it creates an irrebuttable presumption that only graduates of accredited law schools are fit to practice law, discriminates against those who have obtained equivalent legal training by other means, and impermissibly delegates the District of Columbia Court of Appeals' power to regulate the bar to the American Bar Association, *do not require review of a judicial decision in a particular case*" and concluded that "[t]he District Court, therefore, has subject matter jurisdiction over these elements of the respondents' complaints." Id. at 487 (emphasis added).  In Doe, *supra*, the Eleventh Circuit – after finding that Rooker-Feldman barred consideration of the plaintiff's "as applied" challenges to the state bar certification process – proceeded to consider, on the merits, the plaintiff's "facial challenge on due process grounds to the Florida Bar's rules requiring confidential peer review as a part of the recertification process." Doe,  630 F.3d at 1341.[4] The plaintiff in Doe "specifically contend[ed] that the Bar's rules allowing an applicant to be denied certification or recertification solely on the basis of undisclosed peer review comments deny procedural due process because they do not provide an applicant with sufficient notice as to the content of the statements or the identities of the persons who made them.  As a result, an applicant cannot meaningfully challenge an adverse finding based on the peer review process." Id., 630 F.3d at 1342.

---

[4] The court noted that "[i]n contrast with an as-applied challenge, '[a] facial challenge ... seeks to invalidate a statute or regulation itself.'" Doe, 630 F.3d at 1341-42.

In Skinner v. Switzer, 131 S.Ct. 1289 (2011), the Supreme Court held that the Rooker-Feldman doctrine did not deprive the district court of jurisdiction over a state prisoner's § 1983 due process challenge to a Texas statute governing prisoners' requests for post-conviction DNA testing, as authoritatively construed by the Texas courts to completely foreclose such post-conviction testing for any prisoner who could have sought DNA testing before trial but failed to do so. Id. at 1295-98. The plaintiff – who had been sentenced to death for the murder of his girlfriend and her two sons – disclaimed any challenge to the conduct of the prosecutor in his case or to the decisions of the Texas Court of Criminal Appeals in denying his two post-conviction motions for DNA testing pursuant to the statute. Id. at 1296-97.[5] The Supreme Court reasoned:

> [S]kinner does not challenge the adverse CCA decisions themselves; instead, he targets as unconstitutional the Texas statute they authoritatively construed. As the Court explained in Feldman, 460 U.S., at 487, 103 S.Ct. 1303, and reiterated in Exxon, 544 U.S., at 286, 125 S.Ct. 1517, a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action. Skinner's federal case falls within the latter category. There was, therefore, no lack of subject matter jurisdiction over Skinner's federal suit.

131 S.Ct. at 1298 (internal footnote omitted).

---

[5] Skinner had identified his girlfriend's uncle as the likely perpetrator. One trial witness at testified that, on the evening of the killings, the victim had spurned her uncle's sexual advances; another witness testified at a federal post-conviction hearing that she observed the uncle, a day or two after the murders, "thoroughly cleaning the carpets and inside of his pickup truck." 131 S.Ct. at 1294 and 1294 n. 1. The Court noted Skinner's allegations that he had twice requested and failed to obtain DNA testing of previously untested biological evidence under the only state law procedure then available to him, and that he had also persistently sought the State's voluntary testing of the evidence. Id. at 1296 and 1296 n. 7.

In the present case, plaintiff alleges in his amended complaint that the term "reasonably inform," as used in Rule 12(e), "is overly broad, ambiguous and, as administered by the Alabama State Bar, fails to create a reliable standard of notice which would protect the due process rights of attorneys accused of violating the Alabama Rules of Professional Conduct." (Doc. # 7, ¶ 9). He further maintains that Rule 12(e)'s requirement of reasonable notice, "as administered by the Bar and construed by the Alabama Supreme Court, is so abstract in its meaning and undefined in its parameters, that its application is meaningless and fails to meet the threshold of constitutional scrutiny." (Id., ¶ 41). Plaintiff also asserts that Rule 12(e) does not require that a respondent attorney be given notice of "the precise nature of the charges" against him, as is required by federal due process law, and that it is "subject to arbitrary and capricious application – as evidenced by how Rule 12(e) has been applied by [the] Bar and interpreted by [the] Alabama Supreme Court." (Id., ¶¶ 42-43). He claims that the state bar "and the Alabama Supreme Court have interpreted Rule 12(e) ... as not requiring notice of the precise nature of the charges against respondent attorneys" and that, "[b]ecause of this interpretation, Rule 12(e) is not constitutionally valid and deprives attorneys subject to disciplinary proceedings of their right to due process." (Id., ¶ 63).[6] He seeks an "[o]rder declaring that Rule 12(e) of the Alabama Rules of Disciplinary Procedure

---

[6] In his original complaint, plaintiff alleged – in contrast to his amended complaint – that the Bar's conduct in making a new allegation of misconduct against him that had not been included in its petition "not only *violated the Alabama Rules of Disciplinary Procedure*, *but also*, as explained herein, the equal protection clauses of the United States and State of Alabama Constitutions and *the well-settled case law of the State of Alabama*." (Doc. # 1, ¶¶ 9-10)(emphasis added).

does not provide Alabama attorneys with procedural due process in disciplinary proceedings commenced by the Alabama State Bar" and that "Rule 12(e) is unconstitutional in its structure and application by the Alabama State Bar."  (Id., *ad damnum* clause following ¶ 63).  The Supreme Court's analysis in Skinner suggests that these allegations may be sufficient to overcome Rooker-Feldman's jurisdictional bar.

However, the court need not decide whether the Rooker-Feldman doctrine bars this court from exercising jurisdiction over plaintiff's facial challenge to the constitutionality of Rule 12(e)'s "reasonably inform" standard.  Even if the Rooker-Feldman doctrine presents no jurisdictional impediment to the court's consideration of this claim, Article III's "case or controversy" requirement does. This matter is due to be dismissed for lack of jurisdiction because the factual allegations of plaintiff's amended complaint – accepted as true and construed in the light most favorable to the plaintiff – do not demonstrate that plaintiff has standing to pursue his claim for declaratory relief.[7]

"The federal courts are not empowered to seek out and strike down any governmental act that they deem to be repugnant to the Constitution.  Rather, federal courts sit 'solely, to

_____

[7] Defendant's failure to raise standing as an additional basis for its challenge to this court's subject matter jurisdiction does not preclude the court from considering the standing issue.  See Bischoff v. Osceola County, Florida, 222 F.3d 874, 877-82 (11th Cir. 2000)("As the Supreme Court made clear in United States v. Hays, 515 U.S. 737, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995), '[t]he question of standing is not subject to waiver .... "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines."'"). Because this court resolves the issue of standing on the basis of plaintiff's pleadings and the law, without resolving disputed issues of fact, no evidentiary hearing is required. Cf. Bischoff, 222 F.3d at 879-882 (evidentiary hearing on issue of standing is required where the court must decide disputed factual questions or make credibility findings).

decide on the rights of individuals,' Marbury v. Madison, 1 Cranch 137, 170, 2 L.Ed. 60 (1803), and must '"refrai[n] from passing upon the constitutionality of an act ... unless obliged to do so in the proper performance of our judicial function, when the question is raised by a party whose interests entitle him to raise it,"' Valley Forge [Christian College v. Americans United for Separation of Church and State, Inc.], 454 U.S. 464, 474 (1982)(quoting Blair v. United States, 250 U.S. 273, 279, 39 S.Ct. 468, 63 L.Ed. 979 (1919))." Hein v. Freedom From Religion Foundation, Inc., 551 U.S. 587, 598-599 (2007).

> It is by now well settled that "the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

United States v. Hays, 515 U.S. 737 (1995)(citations omitted).[8]  "That a plaintiff seeks relief under the Declaratory Judgment Act ... does not relieve him of the burden of satisfying the prerequisites for standing, since 'a declaratory judgment may only be issued in the case of an actual controversy.'" DiMaio v. Democratic National Committee, 520 F.3d 1299, 1301 (11th Cir. 2008)(citation omitted).  As the Eleventh Circuit explained in DiMaio:

> [S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.  We have thus held that

---

[8]  "The party invoking federal jurisdiction bears the burden of establishing these elements. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)(citations omitted).

> the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.   It is not enough that the [plaintiff]'s complaint sets forth facts from which we could imagine an injury sufficient to satisfy Article III's standing requirements.  Indeed, we should not speculate concerning the existence of standing .... If the plaintiff fails to meet its burden, this court lacks the power to create jurisdiction by embellishing a deficient allegation of injury.

520 F.3d at 1301 (internal quotation marks and citations omitted; modifications in original).

"Moreover, a plaintiff seeking only injunctive or declaratory relief must prove not only an injury, but also 'a "real and immediate threat" of future injury in order to satisfy the "injury in fact" requirement.'"   Koziara v. City of Casselberry, 392 F.3d 1302 (11th Cir. 2004).

Rule 12(e)'s notice standard governs the state bar's petition instituting formal disciplinary proceedings.  See Ala. R. Disc. P. 12(e)("Formal disciplinary proceedings before a Disciplinary Board shall be instituted by the General Counsel's filing with the Disciplinary Clerk of the Alabama State Bar a petition, which shall reasonably inform the respondent of the alleged misconduct.").  As discussed above, the Rooker-Feldman doctrine deprives this court of jurisdiction to entertain plaintiff's claim that Rule 12(e), as it was applied in plaintiff's disciplinary proceeding, is unconstitutional.  The court may not "set aside" the disciplinary suspension, as plaintiff requests.  Thus, the sole claim in the amended complaint that is arguably beyond Rooker-Feldman's jurisdictional bar is plaintiff's claim that Rule 12(e)'s notice standard is, on its face, unconstitutionally ambiguous.

At the motion to dismiss stage, the court "must evaluate standing based on the facts alleged in the complaint" and "may not speculate concerning the existence of standing or

13

piece together support for the plaintiff."   Shotz v. Cates, 256 F.3d 1077 (11th Cir. 2001)(citations and internal quotation marks omitted).  To the extent that plaintiff alleges past injury by virtue of the state bar's application of the Rule 12(e) standard in his disciplinary proceeding – *i.e.*, an inability to defend against the new allegation, resulting in the  imposition of a disciplinary suspension – such "[i]njury in the past ... does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment." Shotz, 256 F.3d at 1082(quoting Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1348 (11th Cir. 1999)).  Plaintiff alleges expressly that, from March 14, 2011 – the date of the disciplinary board's order suspending plaintiff's license – through the pendency of his appeal, he was allowed to maintain his license in good standing and that, during this period, he "has not been the subject of any complaints, has maintained his continuing legal education requirements, has paid his license fees and other assessments and otherwise met all the obligations to maintain a license to practice law in the State of Alabama." (Doc. # 7, ¶¶ 49-50).  He includes no allegation suggesting that he is likely to be subject to another formal petition for discipline by the Alabama State Bar in the future and, thus, he fails to allege future injury sufficient to support his claim for declaratory relief.

Even if the future impact of plaintiff's previously imposed and affirmed disciplinary suspension – *i.e.*, his inability to practice law and the resulting consequences to the plaintiff – constitutes a future injury sufficient to satisfy the "injury in fact" prong of the standing inquiry, plaintiff cannot demonstrate that the declaratory relief he seeks will redress that

injury.  A declaration that Rule 12(e)'s notice standard is unconstitutional, standing alone, does nothing to redress plaintiff's ongoing suspension from the practice of law.  To ameliorate the ongoing effects of plaintiff's disciplinary suspension, a declaration from this court that the disciplinary rule is unconstitutional would have to be accompanied by an injunction setting aside or terminating plaintiff's suspension.  As discussed above, Rooker-Feldman precludes this court's issuance of such an injunction.  Thus, even if plaintiff alleges "injury in fact" resulting from his suspension sufficient to support standing, the allegations of his amended complaint do not demonstrate that such injury is likely to be redressed by the declaratory relief plaintiff seeks.  Thus, plaintiff cannot satisfy the "redressibility" prong of the standing inquiry.  He has failed to establish that he has standing to pursue his "facial" challenge to the constitutionality of Rule 12(e) and, accordingly, the claim is due to be dismissed for lack of jurisdiction.

## CONCLUSION

Under the Rooker-Feldman doctrine, this court lacks jurisdiction to entertain plaintiff's claim that the Alabama State Bar's application of Rule 12(e)'s notice standard in plaintiff's disciplinary proceeding violated plaintiff's federal constitutional rights or was otherwise unlawful.  To the extent that plaintiff asserts a facial challenge to the constitutionality of Rule 12(e), plaintiff's allegations fail to demonstrate that he has standing to pursue his claim for declaratory relief.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion to dismiss (Doc. # 17) BE GRANTED, and that

this action be DISMISSED for lack of jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before December 26, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 10th day of December, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE