IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD D. LIVELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-459-WKW |
| ) | [WO] |
| ALABAMA STATE BAR, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Defendant's motion to dismiss (Doc. # 17), the Magistrate Judge's Recommendation on the motion to dismiss (Doc. # 23), Plaintiff's "Objection" to that Recommendation (Doc. # 26), and Plaintiff's motion for leave to file a second amended complaint (Doc. # 27). This opinion will address them all. For the reasons that follow, this case is due to be dismissed.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

As far as this case is concerned, Plaintiff Richard D. Lively's troubles began when he was suspended from the practice of law by Defendant the Alabama State Bar. After unsuccessfully challenging his suspension all the way to the Alabama Supreme Court, Mr. Lively sued the State Bar in this court. Although his theory of the case has evolved, the fundamental premise of his claim remains static: Rule 12(e) of the Alabama Rules of Disciplinary Procedure, which affords attorneys facing disciplinary

charges "reasonable notice of the alleged misconduct," Ala. R. Disciplinary P. 12(e), is unconstitutional.

When the Magistrate Judge expressed doubts as to the court's subject matter jurisdiction (Doc. # 5), Mr. Lively changed his approach and amended his complaint (Doc. # 7). The State Bar moved to dismiss that amended complaint (Doc. # 17), citing the *Rooker–Feldman* doctrine and arguing Mr. Lively's constitutional challenge is *res judicata* because he could have raised it in the disciplinary proceedings. Mr. Lively responded in opposition. (Doc. # 21).

A.   **The Recommendation of the Magistrate Judge**

The Magistrate Judge was not entirely persuaded by the State Bar's arguments that the *Rooker–Feldman* doctrine deprives this court of subject matter jurisdiction, and she did not address its *res judicata* argument. Instead, she decided, *sua sponte*, that Mr. Lively lacks standing to pursue this case and recommended the court grant the State Bar's motion to dismiss on that ground. (Doc. # 23.)

Mr. Lively responded with a filing that (though framed as an objection) immediately conceded the Magistrate Judge's conclusion was correct: "The Court very thoroughly considered Plaintiff's Amended Complaint in light of the pleading requirements to bring the case within the parameters of Article III. As [pled], the Amended Complaint is deficient in meeting Article III's burden of standing." (Doc. # 26, at 1.)

B. <u>**The Motion to Amend**</u>

But the case did not end there.  Mr. Lively's objection was accompanied by a motion for leave to file a second amended complaint (Doc. # 25), which the State Bar opposes (Doc. # 29).  Mr. Lively insists his proposed second amended complaint cures the problems with the first.

The State Bar disagrees.  Although it acknowledges the court must grant leave to amend "freely" whenever justice so requires, *see* Fed. R. Civ. P. 15(a)(2), the State Bar argues that the proposed amendment is futile, and that allowing it would cause undue delay and prejudice.

## II. DISCUSSION

Due to the procedural posture of this case, a ruling on the pending motion to amend must precede consideration of the Magistrate Judge's Recommendation.  If the motion to amend were granted, after all, the pending motion to dismiss (and by implication, the Magistrate Judge's Recommendation on that motion) would be moot. *See, e.g.*, *Jones Creek Investors, LLC v. Columbia Cnty., Ga.*, No. CV-11-174, 2012 WL 694316, at *3 n.5 (S.D. Ga. Mar. 01, 2012) ("It is well-settled that a timely filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot." (quotations omitted)).  But as the following discussion will show, Mr. Lively's motion to amend is due to be denied

because his proposed amendment is futile. Once the motion to amend is put to rest, this opinion will turn to the Recommendation of the Magistrate Judge.

### A.     **Mr. Lively's proposed amendment is futile.**

Mr. Lively believes his proposed amended complaint cures the jurisdictional deficiencies of the first. It does not. Standing, at its irreducible constitutional minimum, requires Mr. Lively to show "(1) [he] has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (quotations omitted). Mr. Lively's complaint alleges he suffered actual injury in the form of a suspension (which left him unable, for a time, to ply his trade) and faces imminent injury should the disciplinary board act on any of the four disciplinary matters currently pending against him with the State Bar. Assuming Rule 12(e) is, as Mr. Lively contends, unconstitutional on its face, then it also appears that his injuries are fairly traceable to the State Bar's application of that Rule in the proceedings against him. Accordingly, this opinion will assume, without deciding, that Mr. Lively's proposed amendment satisfies the first two requirements of standing. But that still leaves the requirement of redressability. That is where Mr. Lively's case falls apart.

Assume the court grants Mr. Lively leave to file his proposed amendment, the case progresses, he prevails on the merits, and the court grants the declaratory relief he seeks. What then? Mr. Lively would still be suspended from the practice of law, and the decision of the disciplinary board would stand. After all, Mr. Lively's proposed amendment does not ask the court to set aside the disciplinary panel's order (an apparent acknowledgment of the *Rooker-Feldman* problems such a request would pose). Further, because Mr. Lively's proposed amendment "abandon[s] his request for injunctive relief," (Doc. # 27, at 1), an order granting declaratory judgment in his favor would not be accompanied by an order for the State Bar to do (or not do) anything.[1]

Mr. Lively, however, insists that a declaratory judgment is all he needs to vindicate his rights, and he predicts a favorable ruling would redress his injuries in four ways:

>   (1)   it would provide a "basis for [him] to petition the Alabama State Bar Disciplinary Board for relief from the suspension order" (Doc. # 27-1 ¶ 50);
>
>   (2)   it would "effectively invalidat[e] Rule 12(e) . . . for future application against [him]" (Doc. # 27-1 ¶ 51);

---

[1] The first amended complaint included a request for a preliminary injunction only. (Doc. # 7, at 11.) It sought no form of permanent injunctive relief, nor did it ask the court to enjoin enforcement of Rule 12(e).

5

  (3) it would force the State Bar "to implement a new 'notice rule'" that would protect his rights in any future disciplinary proceedings (Doc. # 27-1 ¶ 52) ; and

  (4) it would "serv[e] as a judicial affirmation that [his] rights were violated by the manner in which his disciplinary proceedings were prosecuted" (Doc. # 27-1 ¶ 53).

None of those results, however, is likely to follow if the court rules in Mr. Lively's favor.

  Mr. Lively's predictions all assume that the disciplinary panel is bound by this court's opinion on the constitutionality of Rule 12(e).  That assumption is unwarranted.  The decisions of the lower federal courts do not bind state courts when they act in a judicial capacity.  *See Doe v. Pryor*, 344 F.3d 1282, 1286 (11th Cir. 2003) ("The only federal court whose decisions bind state courts is the United States Supreme Court.").  In all important respects, the disciplinary board was acting judicially when it suspended Mr. Lively from the practice of law, and it would be acting in that capacity were Mr. Lively to petition it for relief from the suspension order.  In future proceedings, the disciplinary panel is no more bound to follow this court's interpretation of the law than this court is bound to follow the precedents of state trial courts – that is, not at all.

  Mr. Lively's fourth prediction, that a declaratory judgment would "serve as a judicial affirmation that [his] rights were violated"  (Doc. # 27-1 ¶ 53), would not redress his injuries because other courts could consider the question of Rule 12(e)'s

constitutionality and issue an opinion affirming that his rights were *not* violated. In any event, the State Bar maintains that it is powerless to effect any change in Rule 12(e) because only the Alabama Supreme Court (which is not a party to this action) possesses that authority. (Doc. # 29, at 5.) The declaratory relief Mr. Lively seeks would be little more than a prohibited advisory opinion, the reasoning of which the disciplinary panel could accept or reject at its discretion in any future proceedings. *U.S. v. Rivas-Gomez*, 456 F. App'x. 789, 789 (11th Cir. 2012) ("It is . . . well-established that federal courts lack jurisdiction to issue advisory opinions.").

Because Mr. Lively lacks standing to pursue his proposed amended complaint, his motion to amend is due to be denied for futility. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–1263 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").

**B.     The Magistrate Judge's Recommendation is due to be adopted.**

Although Mr. Lively filed an "objection" to the ruling of the Magistrate Judge, he unreservedly conceded the soundness of its conclusion. Upon an independent and *de novo* review of the record, the court agrees with the Magistrate Judge and finds Mr. Lively's first amended complaint is due to be dismissed.

## III.  CONCLUSION

It is therefore ORDERED as follows:

(1) Mr. Lively's motion for leave to file a second amended complaint (Doc. # 27) is DENIED;

(2) The Magistrate Judge's Recommendation (Doc. # 23) is ADOPTED;

(3) The State Bar's Motion to Dismiss (Doc. # 17) is GRANTED;

(4) The amended complaint (Doc. # 7) is DISMISSED without prejudice.

An appropriate judgment will follow.

DONE this 18th day of March, 2013.

                                               /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE